UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOWARD E. LEVENTHAL,

        Petitioner,

v.                                    Case No. 25-cv-1079-pp

CHRISTY KNOWLES,

        Respondent.

**ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DENYING CERTIFICATE OF APPEALABILITY, DISMISSING CASE AND DENYING AS MOOT PETITIONER'S MOTION TO CONSOLIDATE (DKT. NO. 4), "SEALED PORTION OF REQUEST FOR RELIEF" (DKT. NO. 5) AND LETTER MOTION FOR ZOOM STATUS CONFERENCE (DKT. NO. 7)**

On July 24, 2025, the petitioner filed a *habeas* petition under 28 U.S.C. §2254 challenging a guilty verdict returned in Ozaukee County Case No. 24CF261. Dkt. No. 1. On page 2 of the petition, Section I(C), "Date of the judgment of conviction," the petitioner wrote, "June 6, 2025;" in the next section, "Date of Sentencing," he wrote "August 20, 2025." Id. at 2. On page 3, under Section II ("Direct State Appeal of Conviction"), the petitioner answered the question "Did you appeal from the judgment of conviction?" by stating, "Yes and no." Id. at 3. He stated that he had filed "an interlocutory appeal on Double Jeopardy grounds," citing Wisconsin Court of Appeals Appeal No. 24AP1665. Id. In the "Result" section, he wrote "Review denied." Id. He also wrote that he had sought review in the Wisconsin Supreme Court, and that that review had been denied on February 12, 2025. Id. On page 4, in the

1

section seeking information about state post-conviction relief other than on direct appeal, he wrote that on July 8, 2025 he had filed a motion for post-conviction relief in Ozaukee County Circuit Court, that he had not yet received a response and that "[g]iven overarching misconduct by judge, it is highly unlikely any useful or meaningful or legally correct result will come from this motion." Id. at 4. Under "relief requested," the petitioner asked this federal court to declare that Ozaukee County Case Nos. 21CF16 and 24CF261 are the same case (the same relief he requested in the 28 U.S.C. §2254 petition that he filed in Leventhal v. Knowles, Case No. 25-cv-525 (E.D. Wis. 2025)), consolidate those cases before this court, issue an order discharging him from custody, order the respondent to release certain information, refer the former Ozaukee County District attorney for criminal investigation, issue a prospective anti-harassment injunction and provide the additional relief he requested in another case. Id. at 7-8. The court also received from the petitioner a brief in support of this petition, dkt. no. 2, and an affidavit by the petitioner, dkt. no. 3.

On the same day the court received the above petition, brief and affidavit, the court received from the petitioner a motion to consolidate this case with Leventhal v. Kenitz, *et al.*, Case No. 25-cv-525 (E.D. Wis.), dkt. no. 4, and a document that he captioned "Sealed Portion of Request for Relief in Leventhal v. Knowles,"[1] in which he asked for forensic audits of various state court

---

[1] The petitioner did not comply with this court's local rules governing the filing of sealed documents. He did not file a separate motion asking the court to seal the motion and giving good cause for doing so. General Local Rule 79(d)(1) (E.D. Wis.); Collins v. Illinois, 554 F.3d 693, 697 (7th Cir. 2009) ("even pro se litigants must follow procedural rules")).

2

agencies and actors and federal tax return audits of various individuals, dkt. no. 5. About eleven days later, the court received from the petitioner a letter motion for a Zoom status conference. Dkt. No. 7.

On July 30, 2025—about six days after it received the instant petition—this court dismissed a §2254 petition that the petitioner had filed in April 2021, rejecting some of the same arguments/requests that he makes in the instant petition. Leventhal v. Knowles, Case No. 25-cv-525, Dkt. No. 37. The court must dismiss this petition.

I.  **Background**

The petitioner has filed several cases in this district challenging his state court criminal cases; at least three of those cases have referenced Ozaukee County Circuit Court Case No. 24CF261. A bit of background on that state-court criminal prosecution is helpful.

On June 21, 2024, the State of Wisconsin filed a complaint against the petitioner in Ozaukee County Circuit Court. State v. Leventhal, Case No. 24CF261 (Ozaukee County Circuit Court), available at wcca.wicourts.gov. The petitioner was charged with stalking with a modifier for habitual criminality. Id. Over the next year, there was extensive litigation; the petitioner (representing himself) filed numerous motions, letters, demands and other documents and the court held multiple hearings. But on June 2, 2025, the court began a jury trial (with the petitioner, at his request, representing himself). Id. The trial concluded on June 6, 2025; the jury found the petitioner guilty on two counts.

3

Id. Sentencing is scheduled for August 20, 2025; the petitioner has continued to file documents in state court ahead of that sentencing date. Id.

    A.    <u>United States v. Leventhal</u>, Case No. 24-cr-157

On August 14, 2024—about two months after the State filed the complaint in Ozaukee County Case No. 24CF261—the clerk's office for this district received from the petitioner a document that he titled "Verified Petition for Removal of a State Court Criminal Case to Federal Court Under 28 U.S.C. Sec 1442(a)(1) (although it was on this court's civil complaint form); the document asked the federal court to dismiss with prejudice Ozaukee County Case No. 24CF261. <u>United States. v. Leventhal</u>, Case No. 24-cr-157 (E.D. Wis.), Dkt. No. 1. Five days later, Judge J.P. Stadtmueller summarily remanded the case to the Ozaukee County Circuit Court. Id. at Dkt. No. 4, page 8. Finding that there was no basis for removal to federal court, Judge Stadtmueller explained that an individual wishing to challenge a *completed* state criminal proceeding could challenge his incarceration under 28 U.S.C. §2254, but that individuals in state custody on some other basis must file a petition under 28 U.S.C. §2241. Id. at page 6. Judge Stadtmueller told the petitioner that "whether under § 2241 or § 2254, the movant must exhaust his state court remedies—in other words, present his constitutional arguments at every level of the state court system." Id. at page 6. The petitioner did not style Case No. 24-cr-157 as a *habeas* petition.

B. <u>Leventhal v. Ozaukee County Circuit Court</u>, Case No. 24-cv-1147

Less than a month after Judge Stadtmueller remanded Ozaukee County Circuit Court Case No. 24CF261 to the Ozaukee County Circuit Court, and about three months after the State had filed the complaint in Ozaukee County Circuit Court Case No. 24CF261, the U.S. district court clerk's office received from the petitioner a civil rights complaint under 42 U.S.C. §1983, asking the federal court to issue an injunction barring his detention and prosecution in Ozaukee County Circuit Court Case No. 24CF261. <u>Leventhal v. Ozaukee Cnty. Circuit Court</u>, 24-cv-1147 (E.D. Wis.), Dkt. No. 1. Almost two months later, the clerk's office received from the petitioner—in Case No. 24-cv-1147—a motion for a writ of *habeas corpus* and a request for a permanent injunction. <u>Id.</u> at Dkt. No. 22. The petitioner wrote on this document the case number assigned to the §1983 case—Case No. 24-cv-1147. <u>Id.</u> at 1. On November 18, 2024, Judge Griesbach dismissed the §1983 case as frivolous, imposed a strike and denied the motion for *habeas* relief. <u>Id.</u> at Dkt. No. 30. The petitioner appealed; the Seventh Circuit affirmed the dismissal and sanctioned the petitioner $1,000 for filing a frivolous appeal. <u>Leventhal v. Ozaukee Cnty. Circuit Court</u>, Appeal No. 24-3146, 2024 WL 5701970, *1 (7th Cir. 2024).

C. <u>Leventhal v. Knowles</u>, Case No. 25-cv-525

On April 10, 2025—ten months after the State filed the criminal complaint in Ozaukee County Case No. 24CF261 and just under two months before the scheduled trial date in that case—the clerk's office for the Eastern District of Wisconsin received from the petitioner a four-page petition for writ of

5

*habeas* corpus under 28 U.S.C. §2254, challenging Ozaukee County Circuit Court Case Nos. 21CF16 and 24CF261. Leventhal v. Knowles, Case No. 25-cv-525, Dkt. No. 1. The court screened the petition; concluded that some of the claims in that petition could fall under 28 U.S.C. §2254, some could fall under 28 U.S.C. §2241 and some could fall under 42 U.S.C. §1983; explained the differences among these sorts of proceedings; and advised the petitioner that he must file a separate pleading, and a separate case, for each of the types of claims covered by each mechanism. Id., Dkt. No. 8 at 8-9. The petitioner subsequently filed a single, amended petition under §2254 challenging the completed conviction in Case No. 21CF16, but continuing to ask for relief in both that case and the ongoing Case No. 24CF261. Id., Dkt. No. 9 at 8, 9, 12.

On July 30, 2025, the court issued a fifty-eight-page decision denying the amended §2254 petition and rejecting the petitioner's attempts to consolidate his challenge to the judgment in Case No. 21CF16 with the ongoing proceedings in Case No. 24CF261. Id., Dkt. No. 37 at 1, 23, 31. The court explained to the petitioner that it was unaware of any authority allowing this federal court to "merge," or consolidate, two separate state court proceedings. Id. at 23, 31. The court rejected the petitioner's "triple jeopardy" argument regarding Case Nos. 21CF16 and 24CF261 because the "case law is settled that revocation is not considered punishment within the meaning of double jeopardy." Id. at 52 (quoting State v. Leventhal, Case No. 2024AP1665-CR, 2024 WL 4554380, at *2 (Wis. Ct. App. Oct. 23, 2024); see also Diehl v. McCash, 352 F. App'x 99, 101 (7th Cir. 2009)). The court denied the

petitioner's motions for injunctive relief seeking to enjoin the state court proceedings in 24CF261 or to order his release from custody. Id. at 37, 38. The court found that the amended petition was "an attempt to circumvent court orders denying the petitioner's requests to remove a pending state criminal case to federal court, declining to intervene in an ongoing state criminal prosecution and attempting to circumvent *habeas* rules and procedures." Id. at 54. The court ruled that the amended petition was premature as to Case No. 24CF261 and lacked merit as to Case No. 21CF16. Id.

## II. Screening

### A. Legal Standard

Rule 4 of the Rules Governing §2254 proceedings provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order."

> A court allows a habeas petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Rather, the court reviews the petition and exhibits to determine whether the petitioner alleges he is in custody in violation of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 22554(a). If the state court denied the petition on the merits, this court can grant the petition only if the petitioner is in custody as a result of: (1) "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court, or (2) "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

7

Smith v. Richardson, Case No. 18-cv-666, 2019 WL 25238, at *1 (E.D. Wis. Jan. 17, 2019).

The court also must consider whether the petitioner filed within the limitation period, exhausted his state court remedies and avoided procedural default. Generally, a person incarcerated under a state court judgment must file his *habeas* petition within one year of that judgment becoming final. 28 U.S.C. §2254(d)(1)(A). And he must exhaust the remedies available in the state courts before the district court may consider the merits of his federal petition. 28 U.S.C. §2254(b)(1)(A). Finally, even if a petitioner has exhausted a claim, the district court still may be barred from considering that claim if the petitioner failed to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by the state's procedural laws. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Thomas v. McCaughtry, 201 F.3d 995, 1000 (7th Cir. 2000).

B.  §2254 Petition

The instant petition states that the petitioner is challenging a June 4, 2025 judgment of conviction, but it also states that he will not be sentenced until August 20, 2025. Dkt. No. 1 at 2. The petition raises ten grounds for relief:

Ground One: Double Jeopardy

Ground Two: Bad Faith Pretextual Vindictive Prosecution to Chill Exercise of First Amendment-Protected Political Speech and Whistleblowing, Regarding Misprision (concealment) of Federal Felonies by State Actors contrary to 18 U.S.C. §4.

8

Ground Three: Bad Faith Pretextual Vindictive Prosecution to Chill Exercise of First Amendment-Protected Speech (Other).

Ground Four: Denial of Privileges & Immunities Clause Rights as to Absolute Litigation Privilege and Immunity.

Ground Five: Due Process: Constitutionally Impermissible Shift of Burden of Persuasion from State to Defendant.

Ground Six: Due Process: Jury Instructions so faithless to law as to deny right to jury trial under Sixth Amendment.

Ground Seven: Speedy Trial, Sixth Amendment. Court deprived speedy trial rights in three distinct ways, resulting in loss of competency for trial which took place regardless.

Ground Eight: Miranda/5th Amendment. Jury was exposed to "incriminating statements from non-Mirandized police raid.

Ground Nine: Brady/Discovery Violations, including but not limited to 1,000 page document dump 2 business days before trial.

Ground Ten: Due Process: Breach of Fiduciary Duty by Judge and Prosecutors Constituting Fraud Upon the People of Wisconsin.

Id. at 5, 6. In his request for relief, the petitioner asks the court to declare that Ozaukee County Cases 21CF16 and 24CF261 are the same case, consolidate the two, discharge the petitioner from custody and enjoin the state from any further attempts to incarcerate the petitioner, order the release of twenty-three digital devices, refer the Ozaukee County prosecutor to federal agencies for investigation, issue an anti-harassment injunction and grant his request for sealed relief. Id. at 7, 8.

C.  Analysis

The petitioner's request for *habeas* relief under 28 U.S.C. §2254 is premature. Section 2254 allows a federal court to grant relief to a "person in custody pursuant to the judgment of a State court." 28 U.S.C. §2254(a). A

review of the docket in Case No. 24CF261 reveals that the Ozaukee County Circuit Court has not yet entered judgment. That is because although the jury convicted the petitioner in Ozaukee County Case No. 24CF261, the state court has not yet imposed sentence. Under Wisconsin law, "a judgment of conviction cannot be entered" until the plea or verdict, the adjudication and the sentence exist. Mikrut v. State, 212 Wis.2d 859, 868-869 (Ct. App. 1997) (citing Wis. Stat. §§972.13(1), (3) and (6)). Because the Ozaukee County Circuit Court has not yet imposed a sentence, it cannot yet enter judgment. Because the court has not imposed sentence or entered judgment, the petitioner is not "in custody pursuant to the judgment of a State court" and therefore this federal court cannot grant him relief under §2254.

Even if the petitioner were in custody pursuant to the judgment of a state court at the time he filed this petition, he has not exhausted his state-court remedies. Judge Dries, Judge Stadtmueller and this court have told the petitioner that before filing a §2254 petition, he must exhaust available state remedies. Leventhal v. Johnson, Case No. 21-cv-507, Dkt. No. 10 at 2; United States v. Leventhal, Case No. 24-cr-157, Dkt. No. 4 at 6; Leventhal v. Knowles, Case No. 25-cv-525, Dkt. No. 37 at 18, 42, 48, 49. Section 2254(b)(1) says that a federal court cannot grant *habeas* relief unless it appears that the petitioner "has exhausted the remedies available in the courts of the State." "The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief." Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999); 28 U.S.C.

10

§2254(b). That means that a person in custody pursuant to a judgment of a state court "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

The petitioner has not given the state courts one full opportunity to resolve the issues he has raised in this petition. Under Wisconsin's established appellate procedures, a convicted person first must file a notice of intent to pursue postconviction relief (and must do so within twenty days of the date of sentencing). Wis. Stat. §809.30(2)(b). The publicly available docket shows that the petitioner filed such a motion (prematurely) on July 8, 2025. State v. Leventhal, Ozaukee County Case No. 24CF261 (available at wcca.wicourts.gov). But even if the petitioner had waited to file that motion until after the state court imposes sentence, that is only the first step in the established appellate process. The convicted person must appeal his conviction and/or sentence to the Wisconsin Court of Appeals, Wis. Stat. §§809.30(2)(h), (j); if the appellate court does not rule in the person's favor, he must file a petition for review with the Wisconsin Supreme Court, Wis. Stat. §809.62(1m)(a). Only when the Wisconsin Supreme Court has ruled (or declined to grant a petition for review) has the convicted person exhausted his state remedies by invoking one complete round of Wisconsin's established appellate review process.

The petitioner is nowhere near having exhausted his state remedies because his state criminal case is not yet complete. He has not been sentenced and the state court has not entered judgment. He has not appealed any

11

Case 2:25-cv-01079-PP   Filed 08/05/25   Page 11 of 16   Document 9

conviction and/or sentence to the Wisconsin Court of Appeals and, if unsuccessful there, to the Supreme Court.

In summary: This court cannot grant the petitioner relief under 28 U.S.C. §2254 because he is not a person in custody under a judgment of a state court, and even if he were, he has not exhausted his state-court remedies. The court must dismiss the petition.

The court's experience with the petitioner leads it to suspect that the petitioner may ask this court to reconsider its ruling, likely by asking the court to construe this §2254 petition as a petition under 28 U.S.C. §2241. Even if the petitioner were to make that request, the court would not grant it. As the court explained to the petitioner in its order dismissing the *habeas* petition he filed challenging his conviction in Ozaukee County Circuit Court Case No. 21CF216, a federal court may not intervene in ongoing state court proceedings "as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) (quoting Stroman Realty, Inc., v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007) and citing Younger v. Harris, 401 U.S. 37 (1971)). Review is limited to situations where immediate federal intervention is necessary to prevent the challenge from becoming moot, such as where the state court proceeding violated the petitioner's right to a speedy trial or placed him in double jeopardy. Sweeney v. Bartow, 612 F.3d 571, 573 (7th Cir. 2010). Even if the petitioner had filed a §2241 petition, under the Younger doctrine, the

court would be required to abstain from considering eight of the ten grounds for relief the petitioner lists in the instant petition.

The petitioner's double jeopardy and speedy trial claims could not proceed for different reasons. The petitioner argues that Ozaukee County Case No. 24CF261 is the same case as Ozaukee Count Case No. 21CF16 but "deceptively mislabeled to defraud reviewing courts and deny both speedy trial and double jeopardy protections rightfully due this petitioner." Dkt. No. 2 at 3. The petitioner opines that the State's grounds for charging him in Case No. 24CF261 were the same as those used to revoke his supervision in 21CF16. Id. at 6. He insists that this is a "level two" double jeopardy because he has been punished as a sanction in a civil case and revoked twice in 21CF16. Id. at 7. This court rejected that argument in Leventhal, Case No. 25-cv-525, Dkt. No. 37 at 52. As the Wisconsin Court of Appeals explained to the petitioner in State v. Leventhal, Case No. 2024AP1665, 2024 WL 4554380, at *2 (Wisc. Ct. App. Oct. 23, 2024), the sentence that the petitioner was required to serve on revocation is the punishment for the crime of which he previously had been convicted. In other words, revocation is not an additional criminal proceeding designed to punish the petitioner for a previous wrong. Id.

The petitioner's submissions show that he has not exhausted his speedy trial claim, which is required because he is seeking dismissal of the state charges rather than asking the federal court to force a prompt trial. As Judge Stadtmueller explained in Harris v. Jewell, Case No. 24-cv-141, 2024 WL 2019735 (E.D. Wis. May 7, 2024),

13

> "[S]peedy trial claims" that can be addressed in a § 2241 petition "are limited to those where the petitioner is trying to force a trial, not the dismissal of a state criminal trial as untimely." *Birkley v. Lucas*, No. 21-CV-332, 2021 WL 1723453, at *2 (E.D. Wis. Mar, 29, 2021) (citing *Graf*, 2014 WL 5361309, at *1); *see also Hirsch*, 66 F. Supp. 2d at 987 ("Speedy trial considerations can also be a basis for such relief, but only where the petitioner is seeking to force a trial; they are not a basis for dismissing a pending state criminal charge outright." (collecting cases)). Where, as here, "[the] petition does not indicate that [Petitioner] is seeking to force a trial [but] rather . . . requests that the state court case be dismissed," the petition is subject to dismissal. *Birkley*, 2021 WL 1723453, at *2.

Id. at *12.

Even if the petitioner had styled this case as a petition under 28 U.S.C. §2241 instead of a petition under 28 U.S.C. §2254, the court would not have granted it.

## III. Summary

The court must dismiss the instant §2254 petition. The court cannot entertain the petition because the petitioner is not in custody pursuant to the judgment of a state court. Because the court cannot entertain the petition, the court will deny as moot the petitioner's motion to consolidate (Dkt. No. 4), his "sealed portion of request for relief" (Dkt. No. 5) and his letter motion for a Zoom status conference (Dkt. No. 7).

Once the Ozaukee County Circuit Court has entered judgment in Case No. 24CF261, the petitioner *may not* return to federal court seeking *habeas* relief until he has exhausted his state court remedies.

## IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). The court declines to issue a certificate of appealability because no reasonable jurist could debate that the petitioner's §2254 petition should be dismissed as premature.

## V. Conclusion

The court **DENIES** the petition for writ of *habeas corpus* filed under 28 U.S.C. §2254.

The court **DECLINES** to issue a certificate of appealability.

The court **DENIES AS MOOT** petitioner's motion to consolidate. Dkt. No. 4.

The court **DENIES AS MOOT** petitioner's "sealed portion of request for relief in Leventhal v. Knowles." Dkt. No. 5.

The court **ORDERS** that the clerk's office must unseal the motion at Dkt. No. 5 and make it available for public viewing.

15

The court **DENIES AS MOOT** the petitioner's letter motion for a Zoom status conference. Dkt. No. 7.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 5th day of August, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**