HOWARD E. LEVENTHAL,

        Petitioner,

  v.                                              Case No. 25-cv-1079-pp

CHRISTY KNOWLES,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. NO. 11), DENYING PETITIONER'S MOTION TO SEAL RELEASE PLAN (DKT. NO. 12), ORDERING CLERK OF COURT TO STRIKE AND RETURN RELEASE PLAN TO PETITIONER AND DENYING PETITIONER'S MOTION FOR LEAVE TO FILE MOTION FOR RULE TO SHOW CAUSE (DKT. NO. 16)**

On July 24, 2025, the petitioner filed this *habeas* petition under 28 U.S.C. §2254, challenging a guilty verdict in Ozaukee County Case No. 24CF261. Dkt. No. 1. At that point, the petitioner had not been sentenced. This case was one of three cases filed by the petitioner in the Eastern District of Wisconsin referencing that Ozaukee County Case. See United States. v. Leventhal, Case No. 24-cr-157; Leventhal v. Ozaukee Cnty. Cir. Ct., 24-cv-1147; Leventhal v. Knowles, Case No. 25-cv-525.

The court denied the petition and dismissed this case without prejudice because the petitioner was not a "person in custody pursuant to the judgment of a State court" under 28 U.S.C. §2254(a), and because he had been repeatedly told by the courts of this district that he must exhaust available

1

state remedies before filing for federal *habeas* relief. Id. at 10 (citing Leventhal v. Johnson, Case No. 21-cv-507, Dkt. No. 10 at 2; Leventhal, Case No. 24-cr-157, Dkt. No. 4 at 6; Knowles, Case No. 25-cv-525, Dkt. No. 37 at 18, 42, 48, 49). At the time the court screened the petition in this case, the state court had not entered judgment and the petitioner had not filed a direct appeal. Id.

The court explained to the petitioner why it would not entertain a request to convert his §2254 petition to one under 28 U.S.C. §2241. Id. at 12. Citing the Younger doctrine,[1] the court told the petitioner that a federal court may not intervene in ongoing state court proceedings "as long as the state court provides an opportunity to raise the federal claims and no 'exceptional circumstances' exist." Id. (citing Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009) (quoting Stroman Realty, Inc., v. Martinez, 505 F.3d 658, 662 (7th Cir. 2007) and Younger, 401 U.S. 37). The court explained why, under the Younger abstention doctrine, it would be required to abstain from considering eight of the ten grounds for relief the petitioner listed in the petition. Id. at 13. The court told the petitioner that there were reasons that his other two claims—double jeopardy and speedy trial—could not proceed. Id. The court explained that the double jeopardy claim failed because the sentence the petitioner was required to serve on revocation was punishment for the crime of which he originally had been convicted and was not an additional criminal proceeding designed to punish for a previous wrong. Id. (citing State v. Leventhal, Case No. 2024AP1665, 2024 WL 4554380, at *2 (Wisc. Ct. App. Oct.

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

23, 2024)). And the court explained that the petitioner had not exhausted his speedy trial claim. Id. at 13.

The court since has received from the petitioner a motion to alter or amend judgment, dkt. no. 11, a motion to seal his release plan, dkt. no. 12, a sealed release plan, dkt. no. 13, a letter regarding the submission of his release plan, dkt. no. 14, a memorandum of state court events, dkt. no. 15, a motion for leave to file a motion for rule to show cause, dkt. no. 16, a memorandum of newly located evidence, dkt. no. 17, and a memorandum in support of 2254 double jeopardy, dkt. no. 18. The court will deny the motion to alter or amend judgment and instruct the clerk's office to strike the petitioner's sealed release plan from the docket and return it to the petitioner.

I. **Petitioner's Motion to Alter or Amend Judgment Under FRCP 59(e) (Dkt. No. 11)**

A. Legal Standard

A party may file a motion to alter or amend judgment "no later than 28 days after the entry of the judgment." Federal Rule of Civil Procedure 59(e). The motion "will be successful only where the movant clearly establishes: '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" Cincinnati Life Ins. Co. v. Beyrer, 722 F.3d 939, 954 (7th Cir. 2013) (quoting Blue v. Hartford Life & Accident Ins. Co., 698 F.3d 587, 598 (7th Cir. 2012)). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court," In re Prince, 85 F.3d 314, 324 (7th Cir. 1996), but the movant must first "clearly establish" his right to relief, Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119,

3

1122 n.3 (7th Cir. 2001 "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Caisse Nationale de Credit Agricole v. CBI Industries, Inc., 90 F.3d 1264, 1270 (7th Cir. 1996).

B.  Petitioner's Arguments

Thirteen days after it entered judgment, the court received the petitioner's motion to alter or amend the judgment; according to the petitioner, "the court's reasoning for such dismissal is not based on a fully accurate expression of the facts." Dkt. No. 11 at 1. The petitioner maintains that the court *could* rule on a §2254 petition once he entered a plea of guilty but before he was sentenced because the online version of his state court docket showed that the state court had entered a "judgment of conviction" after the jury returned its verdict but before he was sentenced. Id. It appears that he also is arguing that the district attorney charged him under the stalking statute for the same conduct used to revoke his probation in an earlier case. Id. at 3. The petitioner cites a Tenth Circuit case in support of his argument that the court can intervene prior to exhaustion if it determines that the state actors had no real motive beyond chilling free speech. Id. at 4 (citing U.S. v. P.H.E., Inc., 965 F.2d 848 (10th Cir. 1999).

The petitioner says that, aside from his "poorly chosen, unfortunate, eccentric, perhaps anti-social avocation as an amateur legal attack dog, there is much more to this issue than filing a grand total of two lawsuits since 2020 against [his] ex-wife." Id. The petitioner alleges that he "discovered a great deal

4

of inculpatory information about former Oz [Ozaukee] D.A. Gerol," and that the petitioner put it in a book which he had partially published on Amazon before officers arrested him for violating his probation. Id. The petitioner says that no prosecutor in America—other than Gerol—would have brought the "completely meritless charges in *State v. Leventhal*, 24CF261." Id. The petitioner asserts that the stalking statute was intended to "offtrack burgeoning violence" but argues that there was no evidence of that in his state case. Id. at 5. He asserts that "[l]eaving him in a position of languishing in a Wisconsin prison for another 2 years awaiting exhaustion, on 'Criminal Two Lawsuit Filings,' a crime that does not exist, where no physical violence is even alleged, nor was any threat alleged, would be an absurd, cruel and grossly unjust violation of his Sixth Amendment right to expedient adjudication invoking Eight Amendment concerns as well." Id. The petitioner asks this court to amend its ruling and order the respondent to show cause why he shouldn't be discharged immediately." Id. at 6.

On August 26, 2025, the court received from the petitioner a memorandum of state court events and "further support for motion to amend or alter." Dkt. No. 15. He reported that his state court sentencing hearing, which had been scheduled for August 20, 2025, had been adjourned to September 8, 2025. Id.[2] He attached two exhibits filed with the state court on August 20, 2025: the state court's amended information and the defendant's

---

[2] It appears from the publicly available state court docket that the sentencing did take place on that date—a month and a half *after* the petitioner filed this federal *habeas* petition.

5

"timeline of events material to double jeopardy." Id. at 2. He asserts that the amended information shows that the state court operated in a "total void of personal jurisdiction of any kind." Id. at 2. He says that the amended information fails to state the mandatory elements of stalking. Id. at 3. The petitioner maintains there has been fraud on the court and the individuals responsible are the "assistant attorneys general of the state of Wisconsin." Id. at 4.

C. Analysis

The petitioner has not met his burden under Rule 59(e). Section 2254 makes clear that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody *pursuant to the judgment of a State court.*" 28 U.S.C. §2254(a) (emphasis added). Although the jury had returned a guilty verdict at the time the petitioner filed his federal petition, the state court had not entered judgment. The court explained to the petitioner that despite the language on the electronic docket following a guilty verdict, "'a judgment of conviction cannot be entered' until the plea or verdict, the adjudication and the sentence exist." Dkt. No. 9 at 10 (citing Mikrut v. State, 212 Wis. 2d 859, 868-869 (Wis. Ct. App. 1997); Wis. Stat. §§972.13(1), (3) and (6)). The Wisconsin statute requires that the judgment must contain the verdict, the adjudication and the sentence. Wis. Stat. §972.13(3)(6). "Obviously, a judgment of conviction cannot be entered until these events have occurred." Mikrut, 212 Wis. 2d at 869.

6

The court's order denying the petition also reminded the petitioner that Judge Dries, Judge Stadtmueller and this court have told him that he must exhaust his state court remedies. Dkt. No. 9 at 10 (citing Johnson, Case No. 21-cv-507, Dkt. No. 10 at 2; Leventhal, Case No. 24-cr-157, Dkt. No. 4 at 6; Knowles, Case No. 25-cv-525, Dkt. No. 37 at 18, 42, 48, 49). That means that he must raise his constitutional claims in a way that alerts the state court to the federal nature of the claim and allows the court "to adjudicate squarely that federal issue.'" Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013) (quoting Villanueva v. Anglin, 719 F.3d 769, 775 (7th Cir. 2013)).

The petitioner's citation to United States v. P.H.E., Inc., 965 F.2d 848 (10th Cir. 1992) does not compel a different result. The petitioner cites P.H.E. for the proposition that this court could intervene before he exhausts his remedies because of the burden on his First Amendment rights. In P.H.E., the Tenth Circuit accepted an interlocutory appeal to review the denial of a defendant's motion to dismiss under "an unusual, perhaps unique confluence of factors: substantial evidence of an extensive government campaign, of which this indictment is only a part, designed to use the burden of repeated criminal prosecutions to chill the exercise of First Amendment rights." P.H.E, 965 F.2d at 855. Aside from the fact that a Tenth Circuit case is not binding on this court, P.H.E. involved an interlocutory appeal from a district court to the Tenth Circuit Court of Appeals. It does not stand for the proposition that this court can ignore the federal statutes and case law regarding exhaustion to entertain

7

a prosecutorial misconduct claim that has not been fairly presented to the state courts.

The petitioner's submissions do not demonstrate that the court made a manifest error of law or fact. The court will deny the motion.

## II. Petitioner's Motion to Seal Release Plan (Dkt. No. 12)

On August 22, 2025, the court received from the petitioner a motion to seal his release plan and a fourteen-page sealed release plan. Dkt. Nos. 12, 13. He asserts that the plan includes personal information much like a presentence report and includes excerpts from a "certain past D.O.D. Federal Acquisition program recipient of a contract between the undersigned and the U.S. Air Force Research Lab, Wright Patterson Air Force Base, Fairborn, OH." Id. at 1.

The court does not know why the petitioner filed his release plan, which, among other things, includes details about where he will live upon release and his intention to explore a combination of several spiritual practices. Dkt. No. 13 at 1. The plan has no bearing on the substance of the petitioner's motions and the court will not consider it. The court will deny the motion to seal and order the clerk to strike the release plan from the docket and return it to the petitioner.

## III. Petitioner's Motion for Leave to File Motion for Rule to Show Cause (Dkt. No. 16)

On September 15, 2025, the court received from the petitioner a "motion for leave to submit motion for rule to show cause" and attached his proposed motion. Dkt. Nos. 16, 16-3. He asserts that the obstacles to filing a §2254

8

petition have been cleared and that the next step is to serve the respondent and issue an order for rule to show cause. Dkt. No. 16 at 2. The attached proposed motion lists the grounds for relief that the petitioner included in his initial petition. Dkt. No. 16-3. The petitioner also attached portions of the state-court criminal complaint, dkt. no. 16-4 at 1-3, an article authored by the petitioner titled "Live from the Land of OZ: Bad faith pretexts drive Oz stalking cases," id. at 9-15, the amended information, id. at 18, the Wisconsin Criminal Jury Instruction on stalking, id. at 19-20, the exhibit lists and an index, id. at 21-25, and his timeline of events, id. at 26-27.

The "obstacles" to the petitioner filing a §2254 petition—the requirement that he exhaust his state-court remedies by presenting his arguments to the state courts first—have *not* been cleared. The petitioner has not demonstrated that he has presented his arguments to both the Wisconsin Court of Appeals and the Wisconsin Supreme Court. If and when he has litigated his claims at every level of the state court system, he then may file a federal §2254 petition. But he cannot proceed in this premature case.

The court will deny the petitioner's motion to alter or amend the judgment. This case remains closed. The court will deny the petitioner's request for leave to file the "motion for rule to show cause."

IV. **Conclusion**

The court **DENIES** the petitioner's motion to alter or amend judgment. Dkt. No. 11.

9

The court **DENIES** the petitioner's motion to seal release plan. Dkt. No. 12. The court **ORDERS** the clerk's office to strike the release plan from the docket and return it to the petitioner. Dkt. No. 13.

The court **DENIES** the petitioner's motion for leave to file motion for rule to show cause. Dkt. No. 16.

Dated in Milwaukee, Wisconsin this 17th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**